**CHICAGO, R. I. & P. R. CO. v. STATE et al.**

No. 10041—Opinion Filed Oct. 28, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

**Carriers—Demurrage—Oil Tank Cars.**

Record examined and held: (1) That in the circumstances of this case privately owned oil tank cars are not subject to demurrage under rule 1, item A, of order No. 167, of the Corporation Commission, until they are so placed by the carrier that they can be loaded or unloaded at the racks erected for that purpose upon and along the industrial side-track of the shipper. (2) That the complaint filed herein, there being no dispute as to the facts, was sufficient to confer jurisdiction upon the Corporation Commission to render the relief granted by the order appealed from.

Before the Corporation Commission of the State of Oklahoma. Appeal of the Chicago, Rock Island & Pacific Railway Company from an order of the Corporation Commission. Modified and affirmed.

C. O. Blake, R. J. Roberts, and John E. DuMars, for plaintiff in error.

Parmenter & Parmenter, for defendants in error.

KANE, J. This is an appeal from an order of the Corporation Commission wherein it was ordered and adjudged "that the defendant, the Chicago, Rock Island & Pacific Railway Company, is in violation of Commission Order No. 167, and said company is fined for such violation in the sum of seventy-five dollars ($75.00) and costs; provided, that in the event that said defendant company shall refund to said complainant, within thirty days from date thereof such part of said $66.00 collected for demurrage as may have been collected on cars not set for loading or unloading, this fine shall stand remitted."

There is no material conflict in the evidence taken before the Commission. The controversy between the railway company and the refining company arose substantially as follows:

The refining company under contract with the railway company erected at its place of business, an industrial side-track about five hundred feet in length, part of which is equipped with racks suitable for loading and unloading oil tank cars, and is also the owner of several private tank cars. On the 24th day of January, 1918, the railway company presented to the refining company certain statements purporting to be bills for freight charges due it, aggregating the sum of $1,418.18, which the refining company paid in full. Later upon learning that the total amount of freight charges due was $1,352.38, and that the additional amount of $66.00 making up the sum of $1,418.18 was charged for demurrage on certain of the privately owned tank cars, which, although they had been placed by the railway company on the industrial siding or switch track for several days, had not been so placed at the loading racks that they could be loaded or unloaded, the refining company made demand upon the railway company for the return of the amount collected for demurrage, which was refused, whereupon this proceeding was commenced with the result hereinbefore indicated.

Rule 1, item A, of order No. 167, which the Commission found was violated by this action of the railroad company, reads as follows:

"A.—Cars held for or by consignors or consignees for loading, unloading, forwarding directions, or for any other purpose, are subject to these demurrage rules, except as follows: * * * "

"F.— * * * Private cars are not subject to demurrage regulations except when they are placed by the carrier for loading or unloading."

Counsel for the railroad company contends that merely placing the cars upon the industrial track constituted compliance with the spirit of the rule and that the cars became subject to demurrage for delay notwithstanding they were not so placed that they could be loaded or unloaded at the loading rack of the refining company. On the other hand counsel for the refining company contends that cars are not "placed by the carrier for loading or unloading," within the meaning of the rule making them subject to demurrage, until they are so placed that they can be loaded or unloaded from the company's loading and unloading racks provided for that purpose.

It being conceded that the cars were privately owned, we are unable to perceive very much room for any reasonable controversy on this question. "Placed by the carrier for loading or unloading" undoubtedly means that the cars must be so placed by the carrier that they can be loaded or unloaded by the refining company from its loading and unloading racks erected for this purpose.

Relating to the theory upon which the case was tried below, the commission in its opinion makes the following statement:

thirty days after the affirmance of the order appealed from.

As thus modified the judgment of the Corporation Commission is affirmed.

All the Justices concur.